IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Daniel McDuffie, ) | |
| ) | CIVIL ACTION |
| Plaintiff, ) | |
| ) | |
| v. ) | File No.: 1:17-cv-01842 |
| ) | |
| Queen's Park Oval Asset Holding Trust, et. al., ) | |
| ) | Honorable Sara L. Ellis |
| Defendant. ) | Magistrate Judge Maria Valdez |

**DEFENDANT US BANK AS TRUSTEE'S MOTION TO DISMISS AMENDED COMPLAINT PURSUANT TO RULES 12(b)(1) AND 12(h)(3)**

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3), Defendant U.S. Bank Trust National Association, not in its individual capacity but solely as owner Trustee for Queen's Park Oval Asset Holding Trust ("US Bank as Trustee"), by and through its attorneys, Bryan Cave LLP, hereby moves to dismiss Plaintiff Daniel McDuffie's ("Plaintiff") Amended Complaint for lack of subject matter jurisdiction. In support of its motion, US Bank as Trustee states as follows:

**INTRODUCTION**

In his Amended Complaint, Plaintiff alleges that he entered into a verbal contract to renovate a single family home located at 801 West 129th Place, Chicago, IL 60643, with the property's then-owner, Lovie Cornelius. (Amd. Compl. ¶ 1.) Plaintiff alleges that Cornelius agreed to pay him $125,000 to renovate and repair both the home and a church for which Cornelius was the pastor. (*Id*. at ¶ 2.) Plaintiff claims that he performed all of the work on the properties, but Cornelius only paid him $50,000 before defaulting on payments. (*Id*. at ¶ 3.) Cornelius then passed away in early 2017, leaving a debt of "some $75,000 or more." (*Id*. at ¶ 6.) U.S. Bank as Trustee is named because it initiated a foreclosure on the property and currently

1

owns the house in question. (*Id*. at Brief Background and Procedural History.) Defendant Cagan Management Group ("Cagan") is named because it allegedly "pulled into the driveway, broke into the property through the back door and changed the locks." (*Id*. at ¶ 7.)

Plaintiff asserts Illinois common law claims of common law equitable doctrine of quantum meruit (Count I), doctrine of equitable lien (Count II), and common law tort of trespass to land (Count III). However, Plaintiff's Amended Complaint must be dismissed for lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3), because complete diversity is lacking and no federal question exists.

## **ARGUMENT**

### I. The Court Lacks Jurisdiction

Federal subject matter jurisdiction exists only in cases where all of the opposing parties are citizens of different states and the amount in controversy exceeds $75,000, or where the action arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331; 28 .S.C. § 1332. Neither basis for jurisdiction is present here.

"Since its enactment, [the Supreme Court has] interpreted the diversity statute to require 'complete diversity' of citizenship. *Carden v. Arkoma Associates*, 494 U.S. 185, 187 (1990). Simply stated, if at the time of filing any plaintiff shares a common citizenship with any defendant, then diversity, and along with it federal jurisdiction, is destroyed. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570 (2004). In considering a motion to dismiss for lack of subject matter jurisdiction, a court need not accept unsupported allegations that diversity exists. *See e.g. Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007). Contrarily, prior to proceeding to the merits, a court should independently determine whether the parties meet the diversity and amount in controversy requirements of Section 1332(a). *Id.*

Here, Plaintiff's own Amended Complaint establishes that he and Defendant Cagan are both domiciled in Illinois, and are therefore citizens of Illinois. (Amd. Compl., The Parties.). As such, complete diversity is lacking.

To the extent Plaintiff's Complaint refers to a Section 1983 claim in Count III for common law tort of trespass to land, Plaintiff does not appear to assert this as a cause of action, nor does he plead any supporting facts (nor could he). In fact, Plaintiff's allegations point specifically to Illinois common law as the basis for each of his claims. Thus, there is no federal question at issue in this case.

Moreover, when the existence of subject matter jurisdiction is challenged by the defendant in a Rule 12(b)(1) motion to dismiss, the burden of proving jurisdiction rests with the plaintiff. *See Grafton Corp. v. Hauserman*, 602 F.2d 781, 783 (7th Cir. 1979). Thus, Plaintiff now has the burden of proving that this Court has subject matter jurisdiction over the present case. Plaintiff cannot meet this burden, and this matter should be dismissed.

## **CONCLUSION**

For the reasons set forth herein, Plaintiff's Complaint must be dismissed for lack of subject matter jurisdiction.

WHEREFORE, Defendant U.S. Bank Trust National Association, not in its individual capacity but solely as owner Trustee for Queen's Park Oval Asset Holding Trust respectfully requests that this Court dismiss the Complaint for lack of subject matter jurisdiction pursuant to Rules 12(b)(1) and 12(h)(3), and for any further relief this Court deems just and proper.

Dated: August 22, 2017                                   Respectfully submitted,

U.S. Bank Trust National Association, not in its individual capacity but solely as owner Trustee for Queen's Park Oval Asset Holding Trust


By: /s/ Courtney J. Nogar
      One of Its Attorneys

Jena M. Valdetero (ARDC No. 6290948)
Courtney J. Nogar (ARDC No. 6286974)
Demetria L. Hamilton (ARDC No. 6324005)
BRYAN CAVE LLP
161 North Clark Street
Suite 4300
Chicago, IL  60601-3206
Telephone:  (312) 602-5000
Facsimile:   (312) 602-5050
jena.valdetero@bryancave.com
courtney.nogar@bryancave.com
demetria.hamilton@bryancave.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 22nd day of August, 2017, a true and correct copy of the foregoing document was served upon all parties of record by causing said document to be served via electronic filing using the Court's ECF filing system.

/s/Courtney J. Nogar
Courtney J. Nogar