# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Daniel McDuffie, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| v. ) | |
| ) | File No.: 1:17-cv-01842 |
| U.S. Bank Trust National Association, not in ) | |
| its individual capacity but solely as owner ) | |
| Trustee for Queen's Park Oval Asset Holding ) | Honorable Sara L. Ellis |
| Trust, ) | Magistrate Judge Maria Valdez |
| ) | |
| Defendant. ) | |

## DEFENDANT US BANK AS TRUSTEE'S MOTION TO DISMISS SECOND AMENDED COMPLAINT PURSUANT TO RULES 12(b)(1), 12(b)(6), AND 12(h)(3)

Pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(h)(3), Defendant U.S. Bank Trust National Association, not in its individual capacity but solely as owner Trustee for Queen's Park Oval Asset Holding Trust[1] ("US Bank as Trustee"), by and through its attorneys, Bryan Cave LLP, hereby moves to dismiss Plaintiff Daniel McDuffie's ("Plaintiff") Amended Complaint for lack of subject matter jurisdiction and, in the alternative, for failure to state a claim upon which relief can be granted. In support of its motion, US Bank as Trustee states as follows:

## INTRODUCTION

Plaintiff first filed this lawsuit on March 8, 2017, naming Cagan Management Group ("Cagan"), Queen's Park Oval Asset Holdings Trust ("Queen's Park"), and the Department of Housing and Urban Development ("HUD") as defendants. (Compl. *gen.*) On April 28, 2017,

---

[1] While the caption on Plaintiff's Second Amended Complaint lists Queen's Park Oval Asset Holding, Cagan Management Group, and Department of Housing and Urban Development as defendants, his only allegations are against US Bank as Trustee, and thus US Bank as Trustee is answering as if it is the only named defendant.

1

Plaintiff sought leave to amend his complaint and subsequently filed an Amended Complaint adding US Bank as Trustee and dismissing HUD. (FAC *gen*.) On August 22, 2017, US Bank as Trustee filed a motion to dismiss for lack of subject matter jurisdiction because both Plaintiff and Cagan are domiciled in the State of Illinois and the amount in controversy was not more than $75,000. On, September 8, 2017, Plaintiff filed a motion to dismiss Cagan as a party defendant and, on November 20, 2017, that was granted. Plaintiff was ordered to file a second amended complaint by December 22, 2017.

In his Second Amended Complaint, Plaintiff alleges that he entered into a verbal contract with the property's then-owner, Lovie Cornelius ("Cornelius"), to "perform certain repairs, renovations, and rehabilitation on the subject property" located at 801 West 129th Place, Chicago, Illinois, and on Grace Chicago Church ("Grace Church.") (SAC at p. 2, ¶ 1; p. 3 ¶ 2.) Plaintiff alleges that Cornelius agreed to pay him $125,000 to renovate and repair both the home and a church for which Cornelius was the pastor. (*Id*. at p. 3, ¶¶ 2, 3.) Plaintiff claims that Cornelius only paid him $50,000 before defaulting on payments leaving a debt "of some $75,500." (*Id*. at p. 3, ¶ 4.) Cornelius then passed away in early 2017[2]. (*Id*. at p. 4, ¶ 6.) U.S. Bank as Trustee is named because it "has failed to acknowledge the lien attached to the real property." (*Id*. at p.1, ¶ 1.) Plaintiff does not distinguish in his Amended Complaint between the work he contracted to do on the Subject Property, and the work he was contracted to do on Grace Street. (*Id*., *gen.*)

Plaintiff asserts that he is foreclosing on his mechanic's lien on the property and that he is also enforcing the lien under the Illinois common law equitable doctrine of *quantum meruit*. However, Plaintiff's Second Amended Complaint must be dismissed for lack of subject matter

---

[2] In paragraph 3 on page 2, and paragraph 1 of his Statement of Facts, Plaintiff states that "Cornelius passed in 2016", US Bank as Trustee has not been able to verify a death date for Cornelius.

jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3), because the amount in controversy is not more than $75,000, and no federal question exists. The Second Amended Complaint should also be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) as Plaintiff has failed to state a claim upon which relief can be granted.

## ARGUMENT

**I.     The Court Lacks Jurisdiction**

Federal subject matter jurisdiction exists only in cases where all of the opposing parties are citizens of different states and the amount in controversy exceeds $75,000, or where the action arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331; 28 .S.C. § 1332. Neither basis for jurisdiction is present here.

Prior to proceeding to the merits, a court should independently determine whether the parties meet the diversity and amount in controversy requirements of Section 1332(a). *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007). If the defendant challenges whether the amount in controversy exceeds $75,000, the plaintiff must support its assertion with "competent proof." *Target Market Pub., Inc. v. ADVO, Inc.*, 136 F.3d 1139 (7th Cir. 1998). Here, Plaintiff's own Second Amended Complaint establishes that he contracted with Cornelius in the amount of $125,000, and Cornelius paid him $50,000. (SAC at ¶¶3, 4.) As such, and even though Plaintiff lists the amount in controversy as $75,500, it is clear that only $75,000 is allegedly due, and the case should be dismissed for lack of subject matter jurisdiction. (*Id*. at p. 3, ¶4.) Additionally, the purported mechanic's lien recorded by Plaintiff on July 18, 2017, states that only $75,000 is due and owing. *See* Illinois Mechanic's Lien attached as **Exhibit A**.[3]

---

[3] In resolving a motion to dismiss, a district court is entitled to take judicial notice of matters in the public record. *Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003).

Further, Plaintiff alleges that the oral agreement for payment of $125,000 was for repairs at the Property and at Grace Church. (SAC at pg. 3, ¶¶2, 3.) Yet, Plaintiff does not allege how much of the contracted price was for the repairs at Grace Church and how much was for the Property. (*Id.*, *gen*.) Thus, even if $75,500 is left due and owing on the alleged contract, a portion of that would be for repairs at Grace Church, which cannot be attributed to US Bank.

Finally, Plaintiff does not allege that there is any federal question at issue in this case.

When the existence of subject matter jurisdiction is challenged by the defendant in a Rule 12(b)(1) motion to dismiss, the burden of proving jurisdiction rests with the plaintiff. *See Grafton Corp. v. Hauserman*, 602 F.2d 781, 783 (7th Cir. 1979). Plaintiff cannot meet this burden, and this matter should be dismissed.

## II. Plaintiff Cannot Adequately Plead *Quantum Meruit* and Does Not Have an Equitable Lien Against Deutsche Bank as Trustee

Plaintiff's *quantum meruit* claim fails for several reasons. "To recover under a *quantum meruit* theory, the plaintiff must prove that: (1) he performed a service to benefit the defendant, (2) he did not perform this service gratuitously, (3) defendant accepted this service, and (4) no contract existed to prescribe payments for this service." *Installco Inc. v. Whiting Corp.*, 336 Ill.App.3d 776, 781 (4th Dist. 2002). Here, the only allegation that the Plaintiff has adequately alleged is that he did not perform the service gratuitously. In fact, his own allegations make it clear that the first prong of his claim fails – he admits that he performed the service to benefit Cornelius, not US Bank as Trustee. (SAC at pg. 3, ¶¶2, 3.) US Bank as Trustee was not even the owner of the property at the time that the service was allegedly performed. (*Id*. at p. 2, ¶1.) Further, as US Bank as Trustee was not the owner at the time, it could not accept the service that Plaintiff alleges he performed as required under the third prong. (*Id*. at p. 1 ¶2.) Finally, Plaintiff alleges that there was a valid contract between himself and Cornelius for the payment of the

4

service. *Id*. In fact, Plaintiff even alleges that Cornelius made ten payments on that contract, so Plaintiff's allegations fail the fourth prong as well. (*Id*. at pg. 3, ¶4.) For these reasons, Plaintiff's theory of *quantum meruit* fails and his Second Amended Complaint should be dismissed.

To the extent that Plaintiff attempts to claim he has an equitable lien on the Subject Property, that theory too would fail. In *R.W. Boeker Company, Inc. v. Eagle Bank of Madison County*, a purported mechanic's lienholder attempted to bring an equitable lien against a mortgagee that became owner at sheriff's sale. 170 Ill.App.3d 693 (5th Dist. 1988). In that case, a mechanic's lien that was recorded after the Lis Pendens in a mortgage foreclosure was found to have been extinguished by that foreclosure. On appeal, the mechanic's lienholder also raised the issue of an equitable lien on the property. While the court noted that this theory was not properly raised in the trial court, it still found that there was no equitable lien because the first element of an equitable lien is "a debt, duty or obligation owing by one person to another." *Id*. at 697. "It is true that if a stranger enters on the property of another and makes improvements, and the owner of that property stands by and permits the stranger to expend money in improving his land, then the owner may be compelled to pay for such improvements...The key here is '**owner**.'" *Id* (emphasis added). The court found that until the delivery of the judicial deed, the bank was not the owner of the property and therefore an equitable lien could not be brought against it. Similarly, here, Plaintiff brought his original complaint on March 8, 2017, which was prior to when legal ownership of the proper transferred upon the delivery of the judicial deed to US Bank as Trustee on March 13, 2017. (*See* Judicial Deed attached as **Exhibit B**.) Accordingly, when the work was allegedly performed on the property, US Bank as Trustee was not the owner. For these reasons, Plaintiff's theories of *quantum meruit* and equitable lien fail and his Second Amended Complaint should be dismissed.

### III. Plaintiff Did Not Perfect His Mechanic's Lien

There are several defects in Plaintiff's purported mechanic's lien that was recorded on July 18, 2017, that would prevent him from foreclosing on the property. **Ex. A**. First and foremost, Plaintiff original complaint which alleges that the work had already been performed was filed on March 8, 2017. However, he did not record a lien against the property until July 18, 2017. Under the Mechanics Lien Act, Plaintiff had four (4) months after completion of the work to either record a lien against the property to perfect it or file a mechanic's lien foreclosure if he was seeking to enforce the mechanic's lien against a third party entity such as US Bank as Trustee. 77 ILCS 60/7. Because Plaintiff's lien was recorded more than four months after he alleges the work was performed, Plaintiff's lien was untimely. Plaintiff did not amend his complaint to include foreclosure of the lien until December 22, 2017, which also is outside of the four month time limit.

Further, the recorded lien does not give a date certain as to when the work was completed. The First District has held that without a completion date, a recorded lien is not perfected and is unenforceable against third parties. *Merchants Environmental Industries Inc. v. SLT Realty Ltd Partnership*, 314 Ill.App.3d 848, 881 (1st Dist. 2000.) ("Under section 7 of the Act, which is applicable...only to...a third party purchaser...a mechanic's lien is not enforceable unless, within four months after completion of the work, either a lien claim is recorded or an action is brought to enforce the lien...While section 7 itself does not expressly require the inclusion of a completion date in the lien claims, nevertheless that requirement must be inferred.") As the Plaintiff does not have a valid mechanic's lien that is enforceable against US Bank as Trustee, his Second Amended Complaint should be dismissed.

## IV. Plaintiff Has Not Alleged Any Contract between Himself and US Bank as Trustee

To the extent that Plaintiff is pleading a breach of contract claim, he has never even alleged that he entered into a contract with US Bank as Trustee. (*See* Compl., *gen*.; FAC, *gen*.; SAC, *gen*.) As noted above, Plaintiff alleges only that he entered into an oral contract regarding renovations at the Property and Grace Church with Cornelius on or around June of 2011. (SAC at p. 1, ¶2.) As the allegations in the Second Amended Complaint specifically state that the contract was not with US Bank as Trustee, any breach of contract claim would fail.

## V. Because US Bank No Longer Owns the Property, It Is Not a Proper Party to this Suit

Finally, even if the court finds that Plaintiff has a valid mechanic's lien on the Property, Plaintiff cannot seek relief against US Bank. US Bank as Trustee sold the Property to Second Wind Investments LLC ("Second Wind") and that deed was recorded on October 20, 2017. (*See* Special Warranty Deed attached as **Exhibit C**.) A mechanic's lien provides the lienholder with the right to foreclose on the property to collect on the lien. 770 ILCS 60/1 *et seq*. However, a mechanic's lien, if properly perfected, can only be enforced against third parties with an interest in the property. *Id*. If the Plaintiff has a valid mechanic's lien on the Property, Second Wind took title to the Property subject to that lien. As US Bank as Trustee is no longer the owner of the property and has no current interest in the property, it is not a proper party to this suit and should be dismissed from the case.

## CONCLUSION

For the reasons set forth herein, Plaintiff's Complaint must be dismissed for lack of subject matter jurisdiction.

WHEREFORE, Defendant U.S. Bank Trust National Association, not in its individual capacity but solely as owner Trustee for Queen's Park Oval Asset Holding Trust respectfully

requests that this Court dismiss the Complaint for lack of subject matter jurisdiction pursuant to Rules 12(b)(1) and 12(h)(3), or in the alternative for failure to state a claim under 12(b)(6), and for any further relief this Court deems just and proper.

Dated: January 8, 2018

Respectfully submitted,

U.S. Bank Trust National Association, not in its individual capacity but solely as owner Trustee for Queen's Park Oval Asset Holding Trust

By: /s/ Courtney J. Nogar
      One of Its Attorneys

Jena M. Valdetero (ARDC No. 6290948)
Courtney J. Nogar (ARDC No. 6286974)
BRYAN CAVE LLP
161 North Clark Street
Suite 4300
Chicago, IL 60601-3206
Telephone: (312) 602-5025
Facsimile: (312) 602-5050
jena.valdetero@bryancave.com
courtney.nogar@bryancave.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 8th day of January, 2018, a true and correct copy of the foregoing document was served upon all parties of record by causing said document to be served via electronic filing using the Court's ECF filing system.

/s/Courtney J. Nogar
Courtney J. Nogar