# Exhibit A



Doc# 1719929063 Fee $52.00

RHSP FEE:$9.00 RPRF FEE: $1.00
KAREN A.YARBROUGH
COOK COUNTY RECORDER OF DEEDS
DATE: 07/18/2017 11:54 AM PG: 1 OF 8

# ILLINOIS MECHANIC'S LIEN

*In the County of Cook*
*State of Illinois*
*Date May 30th, 2017*

## *LIEN ATTACHES TO THE SUBJECT PROPERTY*

This lien attaches to the real property located at 801 West 129th Place, Chicago, Illinois.

## *LEGAL DESCRIPTION*

THE EAST 65 FEET OF LOTS 1, 2, 3, 4, 5, 6 AND 7 IN BLOCK "G" NEW ROSELAND SUBDIVISION NUMBER 2, BEING IN THE EAST HALF OF THE EAST HALF OF NORTHWEST ¼ OF SECTION 32, TOWNSHIP 37 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS

**PROPERTY INDEX NO. 25-32-214-049-0000**

## *THE PARTIES*

Pastor Lovie Cornelius, and Daniel McDuffie

## *THEN OWNER OF SUBJECT PROPERTY*

The owner of the lien subject property was Pastor Lovie Cornelius, contracted with Daniel McDuffie to perform certain repairs, renovations, and rehabilitation on the subject property.

## *PERFORMANCE AND CONTRACT*

In or around June of 2011, Pastor Lovie Cornelius and Daniel McDuffie entered into a verbal contract regarding renovating, repairing, and rehabilitating the single family home located at 801 West 129th Place, Chicago, Illinois, and Grace Chicago Church located at 12900 South Halsted Street, Chicago, Illinois 60628.

-1-



1719929063 Page: 2 of 8
Case: 1:17-cv-01842 Document #: 46-1 Filed: 01/08/18 Page 3 of 9 PageID #:142

Cornelius and McDuffie agreed on a cost of $125,000.00 to complete renovations, repairs, and rehabilitation on both the single family home and the church.

Cornelius made 10 installment payments of $5,000.00 during the timeline of June of 2011, through January of 2013. The installment payments were made roughly at 90 day intervals, sometime prior to the due date and sometime after the due date. Cornelius passed away sometime during the early part of 2017, leaving a debt of some $75,000.00.

McDuffie and Double D Vision Development, Inc., performed said improvements via its subcontractor, D & L Construction, 10358 South King Drive, Chicago, Illinois 60628 and performed valuable improvements on the subject during the timeline of June of 2011, through 2017.

*COST OF REPAIRS, RENOVATIONS AND REHABILITATION AND BALANCE OWED*

The final cost of the improvements was $125,000.00, leaving a balance due and owing of $75,000.00.

*DATES OF PERFORMANCE*
*June of 2011, through 2017*

*Lien Creditor: Daniel McDuffie*
*Lien Debtor: Original Lien Debtor, Pastor Lovie Cornelius*
*Title Holder by Judgment of Foreclosure: U.S. Bank National Association*

Respectfully Submitted,

Daniel McDuffie
801 West 129th Place
Chicago, Illinois 60628

Subscribed and Sworn to
This ___ Day of _____, 2017

Notary Public

"OFFICIAL SEAL"
STEPHEN P. CONLON
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 04-28-2020

## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

Daniel McDuffie,      Case Number 17-cv-01842
                           Judge Sara L. Ellis
     Plaintiff,      Magistrate Judge Maria Valdez

-vs.-

U.S. Bank National Association
as Trustee for Queen's Park
Oval Asset Holding Trust,
5016 Parkway Plaza BLVD, Suite 200
Charlotte, North Carolina 28217

Cagan Management Group,
3856 Oakton Street
Skokie, Illinois 60076

     Defendants,

## FIRST AMENDED COMPLAINT AT LAW

NOW COMES the Plaintiff Daniel McDuffie, pro se litigant, and hereby complains of the behavior of the above named Defendants, in that jointly and severely, they have declined to acknowledge equitable lien and Quantum Meruit claims against the real property at 801 West 129th Place, Chicago, Illinois 60628.

## AMOUNT IN CONTROVERSY
## JURISDICTIONAL STATUTES AND CAUSES OF ACTION

The amount in controversy is $75,000.00. Plaintiff invokes Diversity of Citizenship Jurisdiction [28 United States Code, Section 1332] relative to Defendants Queen's Park Oval Asset Holding Trust, 5016 Parkway Plaza BLVD, Suite 200, Charlotte, North Carolina 28217 and U.S. Bank National Association 425 Walnut Street, Cincinnati, Ohio 45202-3923.

-1-

Plaintiff's causes of action sound in the Common Law Doctrines of

Quantum Meruit and Equitable Lien.

## THE PARTIES

Plaintiff Daniel McDuffie 801 West 129th Place, Chicago, Illinois 60628, is a resident of the State of Illinois and at all time relative to the allegations contained in the instant complaint Plaintiff was a resident of Cook County, Illinois.

Defendant U.S. Bank National Association is located at 425 Walnut Street, Cincinnati, Ohio 45202-3923 and is Trustee for Queen's Park Oval Asset Holding Trust, 5016 Parkway Plaza BLVD, Suite 200 Charlotte, North Carolina 28217.

Defendant Cagan Management Group is located at 3856 Oakton Street Skokie, Illinois 60076. Based on information and belief, Defendant Cagan Management Group is the agent of Defendant U.S. Bank.

## BRIEF BACKGROUND AND PROCEDURAL HISTORY

In 2010, BAC Home Loans Servicing, LP FKA Countrywide Home loans Servicing, LP commenced a foreclosure action against Lovie Cornelius [2010 CH 09648] relative to the subject property at 801 West 129th Place, Chicago, Illinois.

In 2013, Bank of America commenced a foreclosure action against Lovie Cornelius [2013 CH 08438] relative to the subject property at 801 West 129th Place, Chicago, Illinois.

-2-
## STATEMENT OF FACTS

[1] In or around June of 2011, Pastor Lovie Cornelius and McDuffie entered into a verbal contract regarding renovating and repairing the single family located at 801 West 129th Place, Chicago, Illinois and Grace Chicago Church located at 12900 South Halsted Street, Chicago, Illinois 60628.

[2] Cornelius and McDuffie agreed on a cost of $125,000.00 to complete renovation and repair on both the single family home and the church. The estimated time for completing the renovation and repairs on both properties was 2 1/2 years. Cornelius was the Pastor of Grace Chicago Church [at the time Cornelius was pastor the church had a different name].

[3] Cornelius made 10 installment payments of approximately $5,000.00 during the timeline of June or July of 2011, through January of 2013. The installment payments were made roughly at 90 day intervals, sometime prior to the due and sometime after the due date.

[4] In or about January of 2013, Cornelius told McDuffie that he had ran out of cash, but that he wanted McDuffie to continue renovating and repairing the house and church, because he was in the process of selling the church property and would use the proceeds from the sale to make up any back payments owed.

[5] McDuffie continued working on both properties. Based on information and belief, McDuffie states that Cornelius eventually sold the church.

[6] Cornelius passed away sometime during the early part of this 2017 leaving a debt or lien of some $75,000.00 or more.

[7] Sometime during the latter part of February of 2017, or the early part March, Defendant Cagan Management Group to the subject property, pulled into the driveway, broke into the property through the back door and changed the locks.

-3-

[8] McDuffie called the police. When the police arrived McDuffie

explained that Defendant Cagan Management Group "Cagan" had broken into the subject property and changed the locks. The police examined legal documents presented by both Cagan and McDuffie, and ordered Cagan to provide McDuffie with keys to the new lock.

## COUNT I
## COMMON LAW EQUITABLE DOCTRINE OF QUANTUM MERUIT

[9] McDuffie re-alleges paragraphs 1, through 8 as though fully incorporated herein.

[10] Quantum Meruit is a Latin phrase meaning "what one has earned". In the context of contract law, it means something along the lines of "reasonable value of services".

[11] The elements of quantum meruit are determined by state common law. For example, to state a claim for unjust enrichment a plaintiff must allege that (1) defendant was enriched; (2) the enrichment was at plaintiff's expense; and (3) the circumstances were such that equity and good conscience require defendants to make restitution.

[12] Quantum Meruit is the measure of damages where an express contract is mutually modified by the implied agreement of the parties, or not completed.

[13] In the instant case, Cornelius and McDuffie entered into a verbal agreement that McDuffie would renovate and make repairs on Cornelius's single family home and the Grace Chicago Church of which Cornelius was the pastor.

[14] The agreed on consideration was $125,000.00, of which $50,000.00 was paid to McDuffie leaving a balance of $75, 000.00.

-4-

[15] The renovations, repairs, upgrades, and re-modeling McDuffie

performed on the single family home and church has increased the market value of the aforesaid properties. This increase in market value is the direct of the aforementioned work performance.

[16] Should Defendants sell the property they would realize a much higher profit due to the aforesaid labor. As a consequence, Defendants would be unjustly enriched.

## COUNT II
## DOCTRINE OF EQUITABLE LIEN

[17] McDuffie re-alleges paragraphs 1, through 8 as though fully incorporated herein. And incorporates paragraphs 13, through 16 in support of application of the Equitable Lien.

Equitable Lien is a lien against property that does not require possession of the property. It is available to prevent unjust enrichment. Such a right is not recognized at law but available in equity. Equitable lien confer right to have a fund or specific property, or its proceeds, applied in whole or in part to the payment of a particular debt or class of debts.

[18] McDuffie argues that much of the rationale employed in fashioning the Quantum Meruit argument is applicable to the Equitable Lien argument.

## COUNT III
## COMMON LAW TORT OF TRESPASS TO LAND

[19] | McDuffie re-alleges paragraphs 7 and 8 as though fully incorporated herein.

Trespass to land is a common law tort or crime hat is committed when an individual or the object of an individual intentionally enters the land of another without a lawful excuse. Trespass to land is actionable per se.

go to a specific location, but need not be aware that he entered the property of a particular person.

[21] When Defendant Cagan Management Group entered the subject property they knew, full well, that McDuffie had filed a complaint in federal court, because they were served by U.S. Marshals, that McDuffie was alleging an interest in the property predicated on an action alleging a violation of his constitutional rights under color of law [42 U.S.C. Section 1983], negligence, breach of fiduciary duty, and fraudulent concealment.

WHEREFORE, McDuffie request $75,000.00 relative to the Quantum Meruit claim and $75,000.00 relative the trespass to land.

Respectfully Submitted,

Daniel Mc Duffie
801 West 129th Place
Chicago, Illinois 60628
773/220/0715

-6-
IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS